# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Mark Anthony Wilkes,  ) | |
| ) | Civil Action No. 9:15-cv-00540-JMC |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner  ) | |
| of the Social Security Administration,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

Plaintiff Mark Anthony Wilkes ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 14).

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*Id.* at 29.) Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF No. 16.) For the reasons set forth below, the court **ACCEPTS** the recommendation of the Magistrate Judge and **AFFIRMS** the Commissioner's final decision.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (*See* ECF No. 14.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to

1

the analysis of Plaintiff's claims.

Plaintiff was born on March 20, 1969, and is presently 47 years old. (ECF No. 10-5 at 4.) On May 15, 2012, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of September 28, 2011, due to vertigo, foot problems, vision problems, hearing problems, and a learning disability. (*Id.* at 4, 11; ECF No. 10-3 at 32-33.) Plaintiff's claim was denied on August 2, 2012 and again on reconsideration on January 28, 2013. (ECF No. 10-4 at 15-18, 149-56.) On May 6, 2014, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on August 7, 2014, that Plaintiff was not disabled under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (ECF No. 10-2 at 31, 38.) Thereafter, the Appeals Council denied Plaintiff's request for review on August 6, 2013, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (*Id.* at 2.)

Subsequently, on February 4, 2014, Plaintiff commenced this action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB and SSI. (ECF No. 1.) On February 25, 2016, the Magistrate Judge issued his recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB and SSI be affirmed. (ECF No. 14.)  In the Report and Recommendation, the Magistrate Judge determined, among other things, (1) that the ALJ did not erroneously construe or characterize the evidence by finding that Plaintiff's non-work activities supported a determination that Plaintiff could work; (2) that the ALJ did not err in concluding that Plaintiff failed to meet the criteria for disabilities in Listings 12.02 and 12.05;[1] and (3) that substantial evidence supported the ALJ's finding that Plaintiff's statements

---

[1] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 12.02, 12.05.

concerning the intensity, persistence, and limiting effects of his alleged symptoms were not entirely credible.

Plaintiff timely filed his objections to the Magistrate Judge's recommendation on March 14, 2016, listing three objections. (ECF No. 16.) The Commissioner filed a response to Plaintiff's objections on March 28, 2016. (ECF No. 17.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157

3

(4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**A.  Construction and characterization of Plaintiff's activities**

Plaintiff first objects that the ALJ and the Magistrate Judge "have applied the wrong standard as to what constitutes disability for purposes of Social Security." (ECF No. 16 at 1.) He argues that the ALJ and the Magistrate Judge incorrectly concluded that "any physical activity by [Plaintiff] means that [Plaintiff] is exaggerating his condition and that he is not disabled." (*Id.*) In support, he cites to a number of authorities for the proposition that the ability to engage in some amount of non-work, daily-living activities, without more, does not disprove an alleged inability to work. *See, e.g.*, *Smith v. Califano*, 637 F.2d 968, 971-72 (3d Cir. 1981) ("[S]poradic or transitory activity does not disprove disability."); *O'Connor v. Sullivan*, 938 F.2d 70 (7th Cir. 1991) (concluding district court erred by inquiring only whether plaintiff was "so impaired . . . that he could no longer live on his own" because "[t]he question is not whether one can survive in a noninstitutional setting . . . but whether one can work").

As the Magistrate Judge aptly explained, the ALJ rejected Plaintiff's disability claims in part because:

> his symptoms were not entirely credible because they were inconsistent with
> his activities, including holding a valid driver[]'s license, driving, reading and

4

> writing as evidenced by the Function Report Plaintiff had completed, reading the Bible, going grocery shopping, going out alone, feeding and watering his dogs, caring for his personal hygiene without assistance, counting change, attending church services, walking half a mile, spending time outside with his children, playing with his children during the day, caring for his ailing relatives, caring for and feeding chickens, taking his children to the store with him, acknowledging that he could sweep and vacuum for a couple of hours, and acknowledging that he could handle the cooking.

(ECF No. 14 at 27). Despite Plaintiff's objection, an ALJ may rely on evidence regarding a plaintiff's routine, non-work activities in rejecting a claim of disability. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005) (citing *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)). Moreover, the cases on which Plaintiff relies are readily distinguished from the instant case. Unlike the plaintiff in *Smith v. Califano*, Plaintiff's activities were neither sporadic nor transitory. *See Wright v. Sullivan*, 900 F.2d 675, 682 (3d Cir. 1990) (distinguishing *Smith v. Califano* when a plaintiff's ability to work was not sporadic). And unlike the ALJ in *O'Connor v. Sullivan*, the ALJ here did not merely inquire whether Plaintiff could survive outside of an institution. Instead, the ALJ correctly considered Plaintiff's non-work activities in determining whether his symptoms were severe enough to prevent his employment. *See Dennis v. Sullivan*, 787 F. Supp. 89, 92 (E.D. Pa. 1992) (interpreting and applying *O'Connor v. Sullivan*); *Grindle v. Sullivan*, 774 F. Supp. 1501, 1512-13 (N.D. Ill. 1991) (same).

Here, the Magistrate Judge correctly determined that the ALJ did not err by relying on evidence of Plaintiff's routine, non-work activities in rejecting Plaintiff's claims of disability. Thus, the court overrules Plaintiff's objection.

## B. Determination on validity of Plaintiff's IQ score

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ did not err in determining that Plaintiff failed to meet the criteria for disability in Listings 12.02 and 12.05.

Specifically, Plaintiff argues that the ALJ erred by finding that the test on which Plaintiff achieved an IQ score of 57 was invalid. Listing 12.05 requires that a claimant show:

> Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.05. Although Plaintiff scored less than a 59, the ALJ found that the test was invalid based on evidence in the record that the ALJ believed was inconsistent with such a low score. *See Hancock v. Astrue*, 667 F.3d 470, 476 (4th Cir. 2012) ("[A]n ALJ has the discretion to assess the validity of an IQ test result and is not required to accept it even if it is the only such result in the record.")

Although Plaintiff objects to the Magistrate Judge's determination that the ALJ did not err by finding that the IQ test was invalid, the court declines to consider this objection. To establish disability under Listing 12.05, an individual must show both (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested before age 22," 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.05, *and* (2) meet the severity requirements in either subparagraph A, B, C, or D. *See Dozier v. Comm'r*, 736 F. Supp. 2d 1024, 1035 (D.S.C. 2010) (noting, despite lack of direction from Fourth Circuit, "circuits that have considered the issue seem uniformly to find that a claimant must establish both the diagnostic portion of the introductory paragraph in addition to one of the severity indicators, delineated in subsections A–D") *see also Randall v. Astrue*, 570 F.3d 651, 657-59 (5th Cir. 2009) (collecting cases); *Odoms v. Colvin*, ___

F. Supp. 3d ___, No. 1:15-cv-00252-MOC, 2016 WL 3679293, at *5 (W.D.N.C July 11, 2016) (noting that "Listing 12.05 sets forth a two-part inquiry" including "the diagnostic description of the impairment" and "the required severity level"); *accord Edge v. Astrue*, 627 F. Supp. 2d 609, 614 (E.D.N.C. 2008); *Justice v. Barnhart*, 431 F. Supp. 2d 617, 618 (W.D. Va. 2006) .

Here, Plaintiff's objection amounts to a challenge to the ALJ's determination on the second prong—that he failed to meet the severity requirement of paragraph B. But Plaintiff has failed to challenge the ALJ's determination on the first prong—that he failed to meet the deficit-in-adaptive-functioning requirement (*see* EFC No. 10-2 at 27), and he has also failed to object to the portion of the Report and Recommendation that recommends affirmance of the ALJ's decision on this basis (*see* ECF No. 14 at 21-22; ECF No. 16 at 3-5). The court perceives no clear error in the Magistrate Judge's recommendation regarding the ALJ's assessment of the first prong of Plaintiff's claim under Listing 12.05. *See Diamond*, 416 F.3d at 315 (stating standard). Thus, even assuming the ALJ and the Magistrate Judge erred in their assessment of the second prong, such error necessarily would be harmless. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); *Sawyer v. Colvin*, 95 F. Supp. 2d 498, 508 (D.S.C. 2014) (applying harmless error analysis to ALJ determination and collecting cases). Accordingly, Plaintiff's objection is overruled.

## C.  Determination on Plaintiff's credibility

Lastly, Plaintiff lists as an objection the Magistrate Judge's conclusion that there was no reversible error in the ALJ's determination that Plaintiff's testimony was not entirely credible regarding the extent of his symptoms. Although Plaintiff lists this objection in a heading of the

document he filed, the body of that filing does not specify which determination he seeks to challenge and offers no basis for the challenge.

Specific objections are necessary in order to focus the court's attention on disputed issues. *Thomas v. Arn,* 474 U.S. 140, 147-48 (1985). Because general, conclusory objections do not direct the court's attention to any specific portions of the report, such objections to a magistrate judge's report and recommendation are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991); *see also Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir.1982) (ruling that *de novo* review is not required where objections are general and conclusory). Because the court perceives no clear error in the Magistrate Judge's assessment of the ALJ's credibility determination, the objection is overruled. *See Diamond*, 416 F.3d at 315.

### III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation incorporating it by reference, and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

September 7, 2016
Columbia, South Carolina